```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
PRESTON DAVIS,

                        Plaintiff,
                                                ORDER
            -against-                           11-CV-5667(JS)(GRB)

RIVERHEAD CORRECTION FACILITY,

                        Defendant.
----------------------------------X
APPEARANCES:
FOR Plaintiff:      Preston Davis, Pro Se
                    351 Collington Drive
                    Ronkonkoma, NY 11779

For Defendants:     No Appearance.
```

SEYBERT, District Judge:

On November 16, 2011, pro se plaintiff Preston Davis ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 against the Riverhead Correction Facility ("Defendant"). Accompanying the Complaint is an application to proceed in forma pauperis. Plaintiff's request for permission to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte dismissed as against the Defendant with prejudice and Plaintiff is granted leave to file an **Amended Complaint as set forth below within thirty (30) days from the date this Order is served with notice of entry upon him.**

BACKGROUND

According to the brief handwritten Complaint submitted on the Court's Section 1983 complaint form, Plaintiff was unlawfully imprisoned in January and February of 2011. (Compl. at ¶ IV).

Plaintiff claims that he was "locked up for a rape charge I did not commit and later was release[d] by law (acquitted)." (Id.). Plaintiff claims that unidentified detectives did not investigate his alibi. (Id.). As a result of the foregoing, Plaintiff claims to have suffered mental anguish and stress and was "scared out of my mind because I was facing a 20 year to life sentence for a crime I did not commit." (Compl. at ¶ IV). Plaintiff seeks to recover $10 million in damages. (Id. at ¶V).

## DISCUSSION

### I. In Forma Pauperis

Having reviewed Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that he is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's request for permission to proceed in forma pauperis is GRANTED.

### II. Application of the Prison Litigation Reform Act

The Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. §

1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's pro se Complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Moreover, at this stage of the proceeding, the Court assumes the truth of the allegations in the Complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law

3

and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. County of Suffolk, No. 07-CV-2138 (RRM)(ARL), 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

A. Claims Against the Riverhead Correction Facility

It is well-established that departments that are merely administrative arms of a municipality do not have an independent legal identity apart from the municipality and, therefore, cannot sue or be sued. See Hawkins v. Nassau County Correctional Facility, 781 F. Supp. 2d 107 at 109 n. 1 (E.D.N.Y. Feb. 8, 2011); Carthew v. County of Suffolk, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010). Since the Riverhead Correction Facility is an administrative arm of Suffolk County, without a legal identity separate and apart from the County, it lacks the capacity to be sued. Accordingly, Plaintiff's claims against the Riverhead Correction Facility are dismissed in their entirety with prejudice.

B. Leave to File an Amended Complaint

A district court should not dismiss a pro se complaint "'without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid

4

claim might be stated.'" Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)). Given the allegations in the Complaint, the Court affords Plaintiff an opportunity to name a proper Defendant. **Plaintiff is granted leave to file an Amended Complaint to name the individual or individuals whom he claims violated his constitutional rights and to allege the personal involvement of those individuals in the alleged constitutional deprivation within thirty (30) days from the date this Order is served with notice of entry upon him.** If Plaintiff cannot identify the individuals personally involved in the constitutional deprivations within the time allowed in this Order, he may designate those Defendants as "John/Jane Doe, working at (location) on (date)" in the caption and in the body of the Amended Complaint and provide descriptive information of those individuals in the body of the Amended Complaint to allow for their subsequent identification.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is granted, but the Complaint is sua sponte dismissed as against the Riverhead Correction Facility with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b) and **Plaintiff is granted leave to file an Amended Complaint as set forth herein within thirty (30) days from the date this Order is served with notice of entry upon Plaintiff.** Furthermore, the Clerk

5

must mail a copy of this Order to the Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is denied for the purpose of any appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

        SO ORDERED.

        /s/ JOANNA SEYBERT  
        Joanna Seybert, U.S.D.J.

Dated:    December __6__, 2011  
        Central Islip, New York